IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

```
DAVINA EASTER and            )
JOE EASTER,                  )
                             )
          Plaintiffs,        )
                             )
     v.                      )   Case No. 13-3412-CV-S-REL
                             )
FARMERS INSURANCE COMPANY,   )
INC.,                        )
                             )
          Defendant.         )
```

**ORDER**

Before the court is defendants' motion to dismiss count 3 (breach of good faith and fair dealing). For the following reasons, defendant's motion will be granted.

## I. BACKGROUND

According to the facts alleged in the complaint, which are assumed to be true for purposes of this motion, plaintiff Davina Easter ("plaintiff") was involved in an automobile accident on November 12, 2010. Plaintiff alleges that she was following an automobile driven by Jeffrey Warner. In front of Mr. Warner was a phantom vehicle which pulled in front of Mr. Warner causing him to stop abruptly. Plaintiff crashed in to Mr. Warner's car and was injured. Plaintiff was insured by defendant Farmers Insurance Company ("Farmers"). Plaintiff demanded payment for her injuries through her uninsured motorist coverage, and Farmers denied the claim.

In September 2013 plaintiff filed an action in the Circuit Court of Greene County. The petition contains four counts: count 1 is a claim for the $250,000 in uninsured motorist

coverage; count 2 is a claim for vexatious refusal to pay, seeking the uninsured motorist coverage, reasonable attorneys' fees, costs, and interest; and count 3 is a claim for breach of good faith and fair dealing, seeking compensatory and punitive damages. The fourth count is for loss of consortium, a claim brought by plaintiff's husband. The case was removed to federal court on November 1, 2013. Farmers thereafter filed the instant motion to dismiss count 3 on the ground that Missouri law does not recognize a cause of action for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, bad faith, or punitive damages/aggravating circumstances in the context of first party actions against insurance companies.

Plaintiff filed a response in opposition, arguing that Missouri's vexatious refusal statute does not preclude or preempt any common law claim for tort damages.

Defendant filed a reply arguing that plaintiff's position is contrary to Missouri law.

## *II. MOTION TO DISMISS*

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-1024 (8th Cir. 2008), cert. denied, 555 U.S. 1136 (2009). In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools,

591 F.3d 624, 629 (8th Cir. 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008).

The basis for count 2 of the petition, R.S. Mo. § 375.420, titled, "Vexatious Refusal, To Pay Claim Damages For, Exception," provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, . . . or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

In addressing the purpose of the vexatious refusal to pay statute, the Missouri Supreme Court stated in Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 69 (Mo. banc 2000):

> When an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself. The damage amount should place the insured in the position he would have been in had the contract been performed. See Boten v. Brecklein, 452 S.W.2d 86 (Mo.1970).
>
> The problem with the breach of contract as a sole remedy, which section 375.420 addresses in some situations, is that an insured who is wrongfully refused payment is not compensated for litigation expenses and, thus, is not made whole in a practical sense by an action in which he only recovers consequential damages flowing from the breach. The statute does not touch the basic contract claim and only reaches situations where the refusal to pay is "without reasonable cause or excuse." The statute's provisions of attorneys' fees and the ten to 20 percent penalty obviously aim to make the contracting party whole in a practical sense and to provide an incentive for insurance companies to pay legitimate claims without litigation.

The Missouri Supreme Court distinguished, in Overcast, a case wherein the person seeking payment under the insurance policy is a third party versus the actual insured (referred to a a first-party claim).

> No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured. For instance, in Catron v. Columbia Mutual Ins. Co., 723 S.W.2d 5 (Mo. banc 1987), this Court refused to allow a prima facie tort claim by an insured against the insurer. The courts of this state, however, have recognized an insured person's tort claim against the person's own insurance company for bad faith refusal to pay a party injured by the person insured [i.e., a third-party claim], a refusal that exposes the insured to liability in excess of the policy's limit. This Court first recognized such a tort claim in Zumwalt v. Utilities Ins. Co., 360 Mo. 362, 228 S.W.2d 750 (1950). . . . In such cases, the insurance company is held to a duty to act in good faith to protect the interests of its insured, separate from a simple obligation to pay the insured a benefit under the contract. The insurance company incurs liability exposure in such "bad faith" claims when the company refuses to settle a claim within the policy limits and the insured is subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy. While an insurance contract is the basis for the relationship between the insurer and its insured, "bad faith" liability in handling third-party claims is premised on tort concepts and the extent of the damages is not confined to the liability amount stated in the policy.
>
> Here, however, there is no representation by the insurance company as to claims by third parties. The claim here is by the insured against the insurance company for the policy benefit; the insured's remedy is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute. See Zumwalt, 228 S.W.2d at 756.

Overcast v. Billings Mut. Ins. Co., 11 S.W.3d at 67-68.

In Luechtefeld v. Unumprovident Corp., 2006 WL 3257719 *2 (E.D. Mo., November 9, 2006), an unpublished but instructive

case, the defendant moved to dismiss counts against an insurer by the insured for breach of fiduciary duty, breach of the covenant of good faith, and punitive damages/aggravating circumstances. The court, in granting the motion to dismiss, stated:

> [D]efendant argues that plaintiff's recovery under Missouri law is limited to actions for breach of contract and vexatious refusal to pay. The Court agrees.
>
> No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured. For instance, in Catron v. Columbia Mutual Ins. Co., 723 S.W.2d 5 (Mo. banc 1987), this Court refused to allow a prima facie tort claim by an insured against the insurer.
>
> * * *
>
> Here, however, there is no representation by the insurance company as to claims by third parties. The claim here is by the insured against the insurance company for the policy benefit; the insured's remedy is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute. See Zumwalt, 228 S.W.2d at 756.

Luechtefeld, quoting Overcast, 11 S.W.3d at 66-67.

In Jameson v. State Farm Mut. Auto. Ins. Co., 871 F. Supp. 2d 862, 869 (W.D. Mo. 2012), the plaintiff insured sued State Farm attempting to collect under her uninsured motorist coverage. In ruling on a motion to amend the complaint, the court held that, "To the extent that plaintiff has pled a claim for breach of the implied covenant of good faith and fair dealing, however, those claims are not cognizable [due to the Missouri Supreme Court's holding in Overcast], and should be omitted from plaintiff's second amended complaint."

5

Plaintiff argues that well-established rules of statutory construction lead to the conclusion that § 375.420 does not preempt any claim and therefore she is entitled to sue for breach of contract, vexatious refusal to pay, and breach of good faith and fair dealing. Plaintiff's position is without merit. Statutory interpretation is the process by which courts interpret and apply legislation. Here there is no need to engage in statutory construction since the Missouri Supreme Court has already interpreted the statute at issue.

### III. CONCLUSION

Based on the above, I find that because this suit is by the insured against the insurance company, plaintiff's remedy is limited to that provided by the law of contract plus a claim for vexatious refusal to pay. Missouri law prohibits a claim by an insured against an insurance company for breach of good faith and fair dealing. Therefore, it is

ORDERED that defendant's motion to dismiss count 3 is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 26, 2014