IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVINA EASTER and JOE EASTER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FARMERS INSURANCE COMPANY, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No. 6:13-cv-03412-REL |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COUNT II FOR VEXATIOUS REFUSAL TO PAY

COMES NOW Defendant, Farmers Insurance Company, Inc., by counsel, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to enter summary judgment on behalf of Defendant and against Plaintiffs on Plaintiffs' Count II for Vexatious Refusal to Pay. In further support thereof, Defendant states:

### MOTION FOR SUMMARY JUDGMENT

1. This is a first party insurance case arising out of Plaintiffs claims for uninsured motorist (UM) coverage under an insurance policy issued by Defendant Farmers Insurance Company, Inc. (hereinafter "Farmers") to Plaintiffs. Plaintiff Davina Easter rear-ended a vehicle driven by a third party (Jeff Warner), who is not a party to this lawsuit.

2. Plaintiff claims that Jeff Warner came to an abrupt stop after an unidentified "phantom" vehicle changed lanes in front of him, but she does not contend that Jeff Warner was negligent. Rather, Plaintiff contends that the phantom driver was negligent in changing lanes and was the sole cause of the accident.

3. Defendant's investigation revealed facts supporting a reasonable belief that Plaintiff Davina Easter caused or was the primary cause of the accident.

4. Plaintiffs' claims were not denied by Defendant, rather there was a dispute regarding the value of Plaintiffs' claims.

5. "Although the question of reasonableness is generally a question of fact to be decided by a jury, such question can be determined by the court as a matter of law based upon undisputed facts." *Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131, at *12 (W.D. Mo. Aug. 1, 2007) (internal citations omitted).

6. Farmers now moves for summary judgment on Plaintiffs' Count II because the uncontroverted material facts show the existence of a litigable issue in that there were open questions of fact regarding liability and damages at the time Farmers was called upon to pay Plaintiffs' claims supporting a reasonable dispute regarding the value of Plaintiffs' claims. *DeWitt v. Am. Family Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. 1984); *Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131 (W.D. Mo. Aug. 1, 2007). Plaintiffs have proffered no evidence that would support a finding that Farmers' attitude was otherwise vexatious and recalcitrant. *State Farm Mut. Auto. Ins. Co. v. Shahan*, 141 F.3d 819, 824 (8th Cir. 1998). Finally, the uncontroverted material facts show that Plaintiffs' allegation that Farmers "recklessly and/or intentionally delayed and prolonged resolution of Davina's claims" is without merit. *See Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131 (W.D. Mo. Aug. 1, 2007).

7. Therefore, Farmers is entitled to summary judgment because there was an open question of fact and there is no evidence that Farmers' attitude was otherwise vexatious and recalcitrant.

## SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – STATEMENT OF FACTS

1. On November 12, 2010, Plaintiff Davina Easter was operating a motor vehicle when it collided with the rear end of a motor vehicle driven by Jeff Warner. See Plaintiff's First Amended Complaint, Paragraph 4, attached hereto as Defendant's Exhibit 1.

2. On November 12, 2010, Plaintiff Joe Easter notified Farmers of the accident and Farmers opened a claim and began its investigation. See Defendant's Responses to Plaintiff's First Request for Production, Defendant's Claim Summary contained in Defendant's Claim File, CF0036 to CF0197. Attached hereto as Defendant's Exhibit 2. See page CF0038.

3. On November 14, 2010, Farmers' claims representative spoke with Davina Easter and Jeff Warner regarding the facts of the accident. See Defendant's Exhibit 2, page CF0047.

4. On November 16, 2010, Farmers' claims representative spoke with Jeff Warner and informed him that Farmers was accepting liability for the accident. See Defendant's Exhibit 2, page CF0050.

5. On April 10, 2013, Plaintiffs first demanded uninsured motorist coverage under the Policy. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production, Correspondence contained in Defendant's Claim File, Letter dated April 10, 2013, attached hereto as Defendant's Exhibit 3 and bates labeled pages CF2108 to CF2102.

6. On May 10, 2013, Farmers offered $12,753.82 to Plaintiffs. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production, Correspondence contained in Defendant's Claim File, Letter dated May 10, 2013, attached hereto as Defendant's Exhibit 4 and bates labeled page CF 2328.

7. On May 30, 2013, Plaintiffs requested color copies of all photographs. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production,

Correspondence contained in Defendant's Claim File, Correspondence dated May 30, 2013, attached hereto as Defendant's Exhibit 5 and bates labeled page CF 2331.

8. On May 31, 2013, Farmers provided the requested documents. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production, Correspondence contained in Defendant's Claim File, Correspondence dated May 31, 2013, attached hereto as Defendant's Exhibit 6 and bates labeled page CF 2332.

9. On July 15, 2013, Farmers contacted Plaintiffs' attorney regarding the status of settlement and response to the May 10, 2013, offer. Defendant's Exhibit 2, page CF0189-0190.

10. On August 21, 2013, Plaintiffs' attorney informed Farmers that they were preparing to file suit. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production, Correspondence contained in Defendant's Claim File, Correspondence dated August 21, 2013, attached hereto as Defendant's Exhibit 7 and bates labeled page CF2333, and see Defendant's Exhibit 2, page CF 0193.

11. On September 9, 2013, Plaintiffs filed suit and advised Defendant of said filing on September 13, 2013. See Relevant Except from Defendant's Responses to Plaintiff's First Request for Production, Correspondence contained in Defendant's Claim File, Correspondence dated September 9, 2013, attached hereto as Defendant's Exhibit 8 and bates labeled page CF 2344.

12. At the time demand was made on April 10, 2013, Farmers was aware facts reasonably indicating that Plaintiff caused or was the primary cause of the accident. Defendant's Exhibit 2, page CF0047, and see Defendant's Response to Request for Production Number 26 – Transcript of recorded statement of Jeff Warner taken November 15, 2010, attached hereto as Defendant's Exhibit 9.

13. Based on the information known at the time of the demand, Farmers offered $12,753.82 to Plaintiffs. Defendant's Exhibit 4 and bates labeled page CF 2328.

## SUGGESTIONS IN SUPPORT - INTRODUCTION

This is a first party insurance case arising out of Plaintiffs claims for uninsured motorist (UM) coverage under an insurance policy issued by Defendant Farmers Insurance Company, Inc. (hereinafter "Farmers") to Plaintiffs. Plaintiff Davina Easter rear-ended a vehicle driven by a third party (Jeff Warner), who is not a party to this lawsuit. Plaintiff claims that Jeff Warner came to an abrupt stop after an unidentified "phantom" vehicle changed lanes in front of him, but she does not contend that Jeff Warner was negligent. Rather, Plaintiff contends that the phantom driver was negligent in changing lanes and was the cause of the accident. Defendant's investigation revealed facts supporting a reasonable belief that Plaintiff caused or was the primary cause of the accident.

Under Missouri law, Defendant is entitled to insist on a judicial determination of open questions of law or fact without fear of vexatious penalties, so long as Defendant's behavior was not otherwise vexatious and recalcitrant. Plaintiffs have not alleged any conduct of Defendant that shows an otherwise vexatious and recalcitrant attitude, except the allegation that "Farmers recklessly and/or intentionally delayed and prolonged resolution of Davina's claims." The uncontroverted material facts, however, do not support this allegation. Because there was an open question of fact and there is no evidence that Farmers' attitude was otherwise vexatious and recalcitrant, Defendant is entitled to summary judgment on Plaintiffs Count II for Vexatious Refusal as a matter of law.

## STANDARD FOR SUMMARY JUDGMENT

The following standard was set forth in W*alker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131 (W.D. Mo. Aug. 1, 2007) and applies to the Motion before this Court. Rule 56(c) of the Federal Rules of Civil Procedure permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. *Am. Acad. of Family Physicians v. United States*, 75 A.F.T.R.2d 95-1709 (W.D.Mo.1995), aff'd 91 F.3d 1155 (8th Cir.1996). The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. *Disesa v. St. Louis Cmty. Coll.*, 79 F.3d 92, 94 (8th Cir.1996). If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. *Anderson*, 477 U.S. at 248. Factual disputes that are collateral to the substantive law will not preclude summary judgment. *Id.*

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient

evidence such that a reasonable jury could return a verdict for that party. *Id.* at 248. When considering a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Id.* at 255.If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgment may be granted. *Id.* at 249-50.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323. If the moving party meets the requirement, the burden shifts to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. The trial judge then determines whether a trial is needed-"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## LAW AND ARGUMENT

**A. This Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' Vexatious Refusal claim because there was an open question of fact at the time Defendant was called upon to pay and there is no evidence that Farmers' attitude was otherwise vexatious and recalcitrant.**

Defendant is entitled to summary judgment on Plaintiffs' Count II because the uncontroverted material facts show the existence of a litigable issue in that there were open questions of fact regarding liability and damages at the time Farmers was called upon to pay Plaintiffs' claims supporting a reasonable dispute regarding the value of Plaintiffs' claims. *DeWitt v. Am. Family Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. 1984); *Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131 (W.D. Mo. Aug. 1, 2007). Although the

question of reasonableness is generally a question of fact to be decided by a jury, such question can be determined by the court as a matter of law based upon undisputed facts." *Walker*, at *12 (internal citations omitted).

i. <u>Missouri's Vexatious Refusal Statute - RSMo. 375.420.</u>

The following standard, as set forth in *Walker*, No. 06-00333-CV-WREL, 2007 WL 2249131, at *11-12, is applicable to this Court's review of Plaintiffs' Vexatious refusal claim. Missouri Revised Statute § 375.420 provides that an insured may obtain damages from his or her insurance company for vexatious refusal to pay a claim "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse." This statute "is penal in nature and must be strictly construed." *Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 109 (Mo.App.2004). "[T]he purpose behind allowing for vexatious-refusal penalties is to correct the evil of an arbitrary refusal for the sole purpose of delaying the plaintiff in the collection of the claim." *Id.* at 110. The statute was not, however, "intended to prevent a company from resisting payment where the question of law or fact about the claim was doubtful." *Hopkins v. Am. Econ. Ins. Co.*, 896 S.W.2d 933, 941 (Mo.App.1995).

To receive damages pursuant to § 375.420, an insured must prove the insurer's refusal to pay was "willful and without reasonable cause, as the facts would appear to a reasonable and prudent person." *DeWitt v. Am. Fam. Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984). "[T]he issue of reasonable cause for delay is determined on a case-by-case basis on the individual facts available to the insurer at the time it was called upon to pay." *Wunsch v. Sun Life Assurance Co.*, 92 S.W.3d 146, 153 (Mo.App.2002). An insurer will not be held liable for these statutory damages when it "has reasonable cause to believe and does believe there is no liability under its policy and has a meritorious defense." *Watters*, 136 S.W.3d at 109; *see also*

*Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W.2d 39, 42 (Mo. banc 1976). However, the existence of a litigable issue does not preclude penalty if the insurer's attitude is vexatious and recalcitrant. *DeWitt*, 667 S.W.2d at 710.

Although the question of reasonableness is generally a question of fact to be decided by a jury, such question can be determined by the court as a matter of law based upon undisputed facts. *Watters*, 136 S.W.3d at 109. Missouri courts have granted summary judgment on the issue of reasonableness on vexatious refusal claims. *See, e.g., Watters*, 136 S.W.3d 100; *Wunsch*, 92 S.W.3d 146; *Wood*, 980 S.W.2d 43; *Hocker Oil Co., Inc. v. Barker-Phillips-Jackson, Inc.*, 997 S.W.2d 510 (Mo.App.1999).

ii. *There were questions of fact at the time that Defendant was called upon to pay.*

The uncontroverted material facts show the existence of a litigable issue in that there were open questions of fact regarding liability and damages at the time Farmers was called upon to pay Plaintiffs' claims supporting a reasonable dispute regarding the value of Plaintiffs' claims. Specifically, when Defendant was called upon to pay the uninsured motorist benefits on April 10, 2013, there were open questions of fact regarding Plaintiff Davina Easter's liability in causing the accident.

Jeff Warner, the driver of the vehicle that Plaintiff rear ended, provided a recorded statement on November 15, 2010. Jeff Warner's version of the events evidences a legitimate question regarding Plaintiff Davina Easter's fault in causing the accident, which also directly affects the amount of uninsured motorist benefits she would be entitled to under the insurance policy. Jeff Warner's transcript has been attached as Defendant's Exhibit 9. In relevant part, it provides:

Q: Okay. And just before it happened, Jeff, the name of the street you were traveling on and the direction you were headed just before the accident?

A: Um, Battlefield, head east.

Q: Eastbound on Battlefield? Be-would you have been in a right lane or a left lane?

A: Would have been the-left lane.

Q: Okay. And before you had to stop or slow down, what would have been your approximate speed?

A: Mmm, probably 35 to 40.

Q: Okay. All right. You want to pick up maybe a block before it happened, Jeff, and kind of lead up to it and explain in your own words what you remember?

A: Um, a block before I would have been traveling though the light at Kimbrew, heading east on Battlefield. Uh, there was a small uh, Buick-like car in front of me. Uh, he slowed to get into the left hand, left hand center lane, to turn into, to make a left in the direction of apartments. Um, he didn't fully engage into that lane, he was partially riding between the yellow lines. And he had his blinker on. He then decided to pull back into the original lane he was in. That's when I slowed a little bit. Uh, and I believe he went, I believe he went back into the center lane to turn into some apartments, and that's when um, the vehicle behind me hit me.

Q: Okay. And just so you-help me to frame this, um, approximate distance this Buick was ahead of you so to speak, maybe a car length, two car lengths, three car lengths?

A: Probably a couple of car lengths or so.

Q: Okay. Okay. And so when the Buick moves back, or attempts to move back in front of you, is it still about two car lengths?

A: Mmm...yeah, I would say so.

Q: Okay. And did that maneuver cause you to have to really cram your brakes, or just slow your car a little, or-how would you describe that?

A: I just, I would say I just um, slightly applied pressure on it, just to reduce my speed a couple of miles an hour.

Q: Okay.

A: To give him plenty of room to come back in.

Q: Okay. So it wasn't like he totally cut you off and you had to really cram it. It wasn't that way.

A: No, no. I wasn't that close to him when I was behind him for him to turn into the turn lane. I wasn't like right up on his bumper at that time, no.

Q: Okay, and about um, how quickly did you get rear-ended? Was it after you applied your brakes? I mean, was it a few seconds, was it an instant, was it half a minute? You know what I'm saying?

A: It was a few seconds. And we, me and my wife both had time to, you know, see the headlights coming in our rear view mirror.

Jeff Warner's recorded statement indicates that, at the time Plaintiffs demanded payment for uninsured motorist benefits, a legitimate question of liability and damages existed. Specifically, his statement provides evidence of Plaintiff Davina Easter's fault in causing the accident. This legitimate question of fact negates the allegations in Plaintiffs' Complaint supporting their cause of action for Vexatious Refusal to Pay.

This Court has previously granted summary judgment in a similar case under similar circumstances in *Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131, at *1 (W.D. Mo. Aug. 1, 2007). In *Walker*, the plaintiff alleged first party breach of contract and vexatious refusal to pay against the defendant insurer. *Id.* at *1. The defendant moved for summary judgment on the underinsured motorist claim on the basis that there was a legitimate question of fact at the time when the plaintiff demanded payment of the underinsured motorist benefits. *Id.* at *1, 13. This Court found that "Plaintiff's significant preexisting injuries coupled with the limited damage to Plaintiff's vehicle created a question of fact about the cause of Plaintiff's injuries." *Id.* at *13. There was also evidence that when the plaintiff demanded payment, the plaintiff had failed to provide the defendant with executed medical authorizations with respect to the aforementioned injuries, and this Court further found that, "Without signed authorizations, Defendant was not able to fully investigate whether Plaintiff's injuries were

caused by the March 2, 2002, accident." *Id.* Based on the foregoing, this Court held that the "evidence indicates that, at the time Plaintiff demanded payment for underinsured motorist benefits, a legitimate question of coverage existed." *Id.* This Court further found that there was "[n]othing in the record suggests that Defendant's actions were vexatious or recalcitrant; rather, the undisputed facts show that Defendant made numerous requests to obtain the authorizations." *Id.*

Similarly, here there was an open question of fact regarding Plaintiff Davina Easter's fault in causing the accident. As in *Walker*, Jeff Warner's recorded statement evidenced a legitimate question of fact and provided Defendant with a reasonable basis to assess fault against Davina Easter for causing the accident. Also like in *Walker*, Plaintiffs have not proffered any evidence of an otherwise vexatious or recalcitrant attitude. In their First Amended Complaint, Plaintiffs set forth the following allegations supporting their contention that Defendant's conduct gives rise to vexatious refusal to pay:

> 16. Defendant's refusal to pay Davina reasonable amounts due under her insurance policy has been vexatious, without reasonable cause or excuse and is vexatious because:
> a. Farmers knew or should have known that the above-referenced wreck was solely caused by the phantom driver;
> b. Farmers knew or should have known Davina's severe injuries, disabilities, and lost wages were caused or contributed to be caused by the wreck;
> c. Farmers knew or should have known Davina's harms and damages were far in excess of the policy limits available;
> d. Farmers placed its own pecuniary interests ahead of the health, well-being and interests of its insured, Davina Easter;
> e. Farmers recklessly and/or intentionally delayed and prolonged resolution of Davina's claims;
> f. All other acts and omissions to be learned through discovery; and
> g. Farmers chose to violate Missouri's unfair claims practices act, R.S. Mo § 375.1005(5) by compelling the Easters to institute suit to recover amounts due under their policy by offering substantially less than the claim is worth.

17. Defendant's refusal to pay reasonable amounts to Davina and/or not engaging in any meaningful settlement negotiations with Davina is vexatious, in bad faith, and without reasonable cause or excuse.

18. Defendant's conduct has been made solely to save money, at the expense of plaintiff's health and well-being. Farmers' conduct in placing its financial self-interest ahead of its insured's interests is in violation of Farmers' obligations to Davina.

*See* Plaintiffs' First Amended Complaint.

The allegations contained in Subparagraphs a, b, c, d, and g of Paragraph 16 and Paragraph 18 all pertain to the open questions of fact previously discussed. Jeff Warner's version of the events placed a significant amount of fault for the accident upon Plaintiff. Furthermore, Plaintiff's fault bears a direct correlation to the value of her claim. Because the uncontroverted material facts show that Defendant had a reasonable factual basis that there was an open question of fact regarding the cause of the accident, the cause of Plaintiff's injuries, and the value of her injuries, these allegations cannot support Plaintiffs' cause of action for vexatious refusal. *DeWitt v. Am. Fam. Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984). With respect to Subparagraph f of Paragraph 16, Plaintiffs have not sought to amend their Complaint to set forth any additional facts learned in discovery. Written discovery has been completed and the depositions of all parties have been taken. The allegations contained in Subparagraphs e Paragraph 16 are also without merit. The uncontroverted material facts show that Plaintiffs' allegation that Farmers "recklessly and/or intentionally delayed and prolonged resolution of Davina's claims" are not supported by the evidence. *See Walker*, at *12-13. In *Walker*, this Court looked at the timeline of the claims history and the actions taken after the plaintiff submitted a demand for underinsured motorist benefits. *Id.* at 12.

Similar to *Walker*, the facts show that Plaintiffs first demanded payment of Uninsured Motorist benefits on April 10, 2013 (CF 2108 to CF 2102). Within 30 days, Defendant offered

$12,753.82 to Plaintiffs. (CF 2328). Thereafter, Defendant received no response to its offer. On May 30, 2013, Plaintiffs requested color copies of all photographs. (CF 2331). Defendant provided the photographs on May 31, 2013. (CF 2332). Having received no response other than the photograph request, on July 15, 2013, Farmers contacted Plaintiffs' attorney regarding the status of settlement and response to the May 10, 2013, offer. (CF 0189-0190). Then on August 21, 2013, Plaintiffs' attorney informed Farmers that they were preparing to file suit. (CF 2333, and CF 0193). On September 9, 2013, Plaintiffs filed suit. (CF 2344). The timeline shows that there was no delay in the processing of Plaintiffs' claim.

Based on the foregoing, there was an open question of fact regarding Plaintiffs' claims at the time Defendant was called upon to pay, and Plaintiffs have proffered no evidence that would support a finding that Farmers' attitude was otherwise vexatious and recalcitrant. Therefore, this Court should grant summary judgment in favor of Defendant. *State Farm Mut. Auto. Ins. Co. v. Shahan*, 141 F.3d 819, 824 (8th Cir. 1998) ("[The insured] fails to identify any evidence that could conceivably support a finding that [the insurer's] attitude was "vexatious and recalcitrant." Absent such evidence, the district court's grant of summary judgment was proper."). Therefore, following *Walker*, this Court should find that the facts available to Defendant when it was called upon to pay created a legitimate question of fact regarding Plaintiff's liability and damages, and this Court grant Defendant's Motion for Summary Judgment.

WHEREFORE, for the reasons stated herein Defendant Farmers Insurance Company, Inc., prays that the Court sustain Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant and against Plaintiffs, with costs assessed against Plaintiffs.

_(signature)_
Justin S. Chapell (50954)
  (314) 242-5231; Fax (314) 242-5431
Nicholas A. Cammarata (63744)
  (314) 242-5379; Fax (314) 242-5579
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Email  jchapell@bjpc.com
         ncammarata@bjpc.com

Attorneys for Defendant
Farmers Insurance Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on **November 17, 2014**, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Mr. Steve Garner, Mr. Jeff Bauer, Mr. Grant Rahmeyer, Strong-Garner-Bauer, P.C., Attorneys for Plaintiffs, 415 E. Chestnut Expressway, Springfield, Missouri 65802.

_(signature)_

JSC/NAC:12030642